UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 1 0 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Dwight W. McGL. Gaskin, )
)
Plaintiff, )
)
v. ) Civil Action No. 19-1523 (UNA)
)
Embassy of Canada *et al.*, )
)
Defendants. )
)

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and review of his 94-page pleading captioned: "Complaint: Alien's Action for Tort, 28 U.S.C. § 1350" and nearly 400 pages of exhibits. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a Canadian resident who has filed suit against (1) the Canadian government, (2) a long list of officials, entities, and individuals in Canada, and (3) the United States. *See* Compl. Caption (spanning twenty pages). He seeks money damages exceeding billions in "British Pounds Sterling" and Canadian dollars. Compl. at 87.

### 1. Canadian Defendants

Plaintiff states that "[e]ach of the respondents are now or were then acting in their official capacity as an employee, representative, official or agent of the governments of Canada or a province and are justice system participants as defined by the Criminal Code of Canada[.]" Compl.

1

at 28. In "a suit involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the FSIA [Foreign Sovereign Immunities Act] before the court can reach claims under the Alien Tort Claims Act, 28 U.S.C. § 1350," *Soudavar v. Islamic Republic of Iran*, 67 Fed. App'x 618, 619-20 (D.C. Cir. 2003) (per curiam), since "the FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country," *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). "The FSIA provides generally that a foreign state is immune from the jurisdiction of the United States courts unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies," *Roeder v. Islamic Republic of Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005); *see* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act"). The latter exception "applies when international agreements 'expressly conflict' with the immunity provisions of the FSIA[.]" *Argentine Republic*, 488 U.S. at 442 (alteration and citation omitted). "Claims against foreign sovereigns that do not fall within the ambit of an FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F. 3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted).

Plaintiff's complaint is sweeping and extremely difficult to follow. After a laborious review, the Court discerns no basis conferring jurisdiction over the Canadian defendants. To the extent that plaintiff has sued defendants "in their official capacity as an employee, representative, official or agent of the governments of Canada" and "justice system participants as defined by the Criminal Code of Canada," Compl. at 28, any challenged actions are likely "government acts, not the 'commercial activities' of a government acting as a private player within the market."

2

*Soudavar*, 67 Fed. App'x at 619, quoting 28 U.S.C. § 1605(a)(2). And it is not at all clear that whatever conduct plaintiff is challenging actually "occurr[ed] in the United States[.]" 28 U.S.C. § 1605(a)(5) (exception for certain non-commercial activity). Plaintiff invokes the National American Free Trade Agreement ("NAFTA"), *see* Compl. at 25, 31-32, 38-39, 92, which the "United States signed . . . with the heads of state of Canada and Mexico on December 18, 1992." *Berriochoa Lopez v. United States*, 309 F. Supp. 2d 22, 25 (D.D.C. 2004), *aff'd sub nom. Berriochoa Lopez v. Clinton*, No. 04-5155, 2004 WL 2616294 (D.C. Cir. Nov. 17, 2004). But "the statutory language bars private causes of action arising out of alleged NAFTA violations." *Id.* at 28-9 (citations omitted).[1] Plaintiff also mentions the International Convention on Civil and Political Rights ("ICCPR"), Compl. at 23, the Crimes Against Humanity and War Crimes Act, and the United Nations Charter, *id.* at 92, but, like NAFTA, he has not specified how those agreements apply to his allegations. Regardless, "[c]ourts have uniformly held that the ICCPR is not self-

---

[1] NAFTA provides:

> No person other than the United States—
>
> (1) shall have any cause of action or defense under—
>
> (A) the Agreement or by virtue of Congressional approval thereof, or
>
> (B) the North American Agreement on Environmental Cooperation or the North American Agreement on Labor Cooperation; or
>
> (2) may challenge, in any action brought under any provision of law, any action or inaction by any department, agency, or other instrumentality of the United States, any State, or any political subdivision of a State on the ground that such action or inaction is inconsistent with the Agreement, the North American Agreement on Environmental Cooperation, or the North American Agreement on Labor Cooperation.

19 U.S.C. § 3312(c).

executing and that, therefore, it does not give rise to a private right of action." *Macharia v. United States*, 238 F. Supp. 2d 13, 29 (D.D.C. 2002), *aff'd*, 334 F.3d 61 (D.C. Cir. 2003) (citing cases). Similarly, the War Crimes Act, codified at 18 U.S.C. § 2441, "criminalizes various war crimes" but does not create a private right of action, and this Court cannot infer one "from a criminal prohibition alone." *Sai v. Trump*, 325 F. Supp. 3d 68, 71 (D.D.C. 2018) (internal quotation marks and citation omitted). Finally, plaintiff has not invoked a specific provision of the U.N. Charter, but the enforcement provision of "Article 94 of the U.N. Charter simply does not confer rights on private individuals." *Comm. of U.S. Citizens Living in Nicaragua v. Reagan*, 859 F.2d 929, 937 (D.C. Cir. 1988).

### 2. The United States

Plaintiff has sued the United States under the Federal Tort Claims Act ("FTCA") and under 42 U.S.C. § 1983 for constitutional violations apparently predicated on negligence. *See* Compl. at 22 (citing 28 U.S.C. § 1346; 42 U.S.C. § 1983). "Section 1983 does not apply when federal officials act under color of federal law," *L. Xia v. Tillerson*, 865 F.3d 643, 658 (D.C. Cir. 2017), and the United States "simply has not rendered itself liable . . . for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), citing 28 U.S.C. § 1346(b).

The FTCA waives the United States' immunity from a damages suit arising from "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b)(1); *see Loumiet v. United States*, 828 F.3d 935, 941 (D.C. Cir. 2016) (the FTCA waives immunity for certain tortious conduct "committed by federal employees acting within the scope of

their employment"), citing 28 U.S.C. §§ 1346(b), 2674.  However, the Court discerns no allegations in the complaint involving employees of the United States.  In any event, the Court cannot exercise jurisdiction over an FTCA claim without the complainant having first presented his claim "to the appropriate Federal agency" and obtained a final written denial or allowed six months to pass without a final disposition. 28 U.S.C. § 2675(a).  Nothing in the complaint suggests that plaintiff has pursued an administrative remedy, and the law of this circuit deems the presentment requirement "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).

In sum, waivers of sovereign immunity, whether foreign or domestic, must be clear and unequivocal. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (A waiver of the United States' immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied.") (citations omitted)).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  The instant complaint comes nowhere near satisfying the jurisdictional requirement and thus will be dismissed.[2]  A separate order accompanies this Memorandum Opinion.

Date: July 6, 2019

United States District Judge

---

[2] To satisfy the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, a complaint should contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing [factually] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will "a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  The instant complaint mirrors those defects.  So but for sovereign immunity, dismissal would be appropriate under Rule 8(a) and required under the screening provisions of 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.